IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HDH MECHANICAL, INC. et al., | ) | CASE NO. 1:08 CV 197 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| LOCAL NO. 33, SHEET METAL | ) | |
| WORKERS INTERNATIONAL | ) | |
| ASSOCATION, AFL-CIO, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OPINION |

This matter is before the Court on Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 (Docket #22); Plaintiffs' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 (Docket #23); and, Plaintiff's Motion to Strike (Docket #25). For the reasons set forth below, the Motions for Summary Judgment filed by both Parties are hereby DENIED and Plaintiff's Motion to Strike is hereby DENIED AS MOOT.

### Background

Plaintiffs, HDH Mechanical, Inc. and Kenneth Goodwin, filed their Complaint on January 23, 2008 against Local No. 33, Sheet Metal Workers' Union, AFL-CIO, pursuant to Section 303

of the Labor-Management Relations act of 1947, as amended, 29 U.S.C. § 187, to recover damages for an alleged unlawful secondary boycott engaged in by Local 33.

Defendant HDH is engaged in the construction industry as a non-union mechanical contractor in the installation of HVAC equipment and systems. In early January 2007, HDH entered into a subcontract with general contractor Rudolph Libbe, Inc. ("RLI") to furnish and install the complete mechanical HVAC system for a three-wing addition to a project known as the Parkside Villa Project.

Plaintiffs allege that on or about July 3, 2007 and on or about July 6, 2007, Local 33, by and through its agent, Mike Coleman, unlawfully threatened, coerced, and restrained RLI and other persons engaged in commerce through threats of pickets, an object of which was to force or require RLI to cease doing business with HDH, in violation of Section 8(b)(4)(ii)(B) of the LMRA, 29 U.S.C. § 158(b)(4)(ii)(B). Plaintiffs claim that as a result of Local 33's unlawful threats to picket, directed at both RLI and HDH, RLI terminated its subcontract with HDH and forced HDH to subcontract its work to a union contractor signatory with Local 33.

Defendants deny any wrongdoing, asserting that their actions and/or discussions with Plaintiffs were lawful and did not involve any affirmative action toward RLI.

To prevail on a Section 8(b)(4)(ii)(B) claim brought pursuant to Section 303 of the Labor Management Relations Act, HDH must establish that Local 33 violated the statute by (1) engaging in unlawful activity against a neutral employer (2) for an unlawful objective. *T.H. Eifert, Inc. v. United Ass'n of Journeymen & Apprentices of the Plumbing and Pipefitting Indus.*, 422 F. Supp. 2d 818, 832 (W.D. Mich. 2006). Plaintiffs argue that they are entitled to summary judgment because Local 33 violated the statute when it twice threatened HDH's Vice President,

in front of RLI Representatives, to picket the RLI jobsite if HDH did not hire a unionized HVAC subcontractor to perform the HDH and RLI contract. Plaintiffs assert that the actions of Local 33 were undertaken in an effort to force RLI to cease doing business with HDH.

Local 33 argues that it is entitled to summary judgment, asserting that it did not unlawfully threatened RLI in order to resolve its dispute with Plaintiff HDH. Local 33 argues that there is no evidence that RLI representatives understood Coleman's comments as direct to them. Local 33 asserts that it did not try to engage RLI in its discussions with HDH. In addition, Local 33 argues that it is not liable to Plaintiff Goodwin.

## Summary Judgment Standard

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In sum, proper summary judgment

analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## CONCLUSION

Based upon a thorough review of the briefs submitted by the Parties, genuine issues of material fact exist which make summary judgment inappropriate in this case. The evidence before the Court demonstrates the existence of a myriad of mutual factual disputes which may reasonably be resolved in favor of either party.

Plaintiffs' Motion to Strike Defendant's Motion for Summary Judgment, or in the Alternative the Affidavit of Michael Colemen is denied as moot. The Court finds summary judgment for either party to be unwarranted under the facts and circumstances of this case, regardless of the assertions of Mr. Coleman in his Affidavit.

Accordingly, the Motions for Summary Judgment filed by the Parties (Docket #s 22 and 23) are hereby DENIED. The Motion to Strike filed by Plaintiffs (Docket #25) is hereby DENIED AS MOOT.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: January 13, 2009